UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LAWRENCE WEST, MARCELINO MAGALLANEZ, et al., AND OTHER SIMILARLY SITUATED PERSONS, | § § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | EP-07-CA-197-FM |
| PHELPS DODGE REFINING CORPORATION, | § § § § | |
| *Defendant.* | § | |

### DEFENDANT'S PRELIMINARY DESIGNATION OF FACT WITNESSES, TESTIFYING EXPERTS AND POTENTIAL EXHIBITS PURSUANT TO SCHEDULING ORDER

TO THE HONORABLE FRANK MONTALVO, U.S. DISTRICT COURT JUDGE:

COMES NOW, PHELPS DODGE REFINING CORPORATION, Defendant herein, by and through their undersigned attorneys and files this Preliminary Designation of Fact Witnesses, Testifying Experts and Potential Exhibits and would show the Court as follows:

### I.
### PROCEDURAL HISTORY AND BACKGROUND

This action is brought by Plaintiffs pursuant to the Federal Fair Labor Standards Act, 29 U.S.C. §201 et seq ("FLSA"). Plaintiffs are current and former employees of Defendant who allege that Defendant failed to pay the correct amount of earned wages for services provided by the Plaintiffs for up to the three year period ending approximately February, 2007 (the "Relevant Period"). Specifically, Plaintiffs claim that Defendant was obligated by OSHA regulations to provide a change of work clothes to

Plaintiffs and to launder the work clothes for Plaintiffs due to alleged contamination of the work clothes by toxic substances. Plaintiffs allege that Defendant failed to pay them for hours worked laundering their work clothing during off duty time and at Plaintiffs' homes, and related to donning and doffing work clothes, among other things. Defendant denies the allegations in that, among other things, there was no legal obligation to provide or launder work clothes during the Relevant Period, and that Plaintiffs were paid for all hours of work.

Discovery has not been completed in the matter and Defendant therefore reserves the right to supplement these designations as additional information becomes available.

## II.
## PRELIMINARY WITNESS DESIGNATION

Lawrence West
c/o John Wenke
501 E. California Ave.
El Paso, Texas 79902
(915) 351-8877
Plaintiff

Marcelino Magallanez
c/o John Wenke
501 E. California Ave.
El Paso, Texas 79902
(915) 351-8877
Plaintiff

Jesus Garcia
c/o John Wenke
501 E. California Ave.
El Paso, Texas 79902
(915) 351-8877
Opt In/Plaintiff

Daniel Garza
c/o John Wenke
501 E. California Ave.
El Paso, Texas 79902
(915) 351-8877
Opt In/Plaintiff

Jesus C. Gomez
c/o John Wenke
501 E. California Ave.
El Paso, Texas 79902
(915) 351-8877
Opt In/Plaintiff

Carlos Jacquez
c/o John Wenke
501 E. California Ave.
El Paso, Texas 79902
(915) 351-8877
Opt In/Plaintiff

Abel Romo
c/o John Wenke
501 E. California Ave.
El Paso, Texas 79902
(915) 351-8877
Opt In/Plaintiff

Carlos Romo
c/o John Wenke
501 E. California Ave.
El Paso, Texas 79902
(915) 351-8877
Opt In/Plaintiff

Lorenzo Najera
c/o John Wenke
501 E. California Ave.
El Paso, Texas 79902
(915) 351-8877
Former employee of Phelps Dodge

All witnesses designated by Plaintiffs
in their List of Potential Witnesses

Lucy Acuña
Sr. Human Resources Specialist
Phelps Dodge Refining Corporation
897 Hawkins Drive
El Paso, TX 79915
(915) 782-7322

Donald R. Smay
Manager, Human Resources
Phelps Dodge Refining Corporation
897 Hawkins Drive
El Paso, TX 79915
(915) 782-7322

Martin Soltero
Environmental Manager
Phelps Dodge Refining Corporation
897 Hawkins Drive
El Paso, TX 79915
(915) 782-7322

John Quinn
Plant Manager
Phelps Dodge Refining Corporation
897 Hawkins Drive
El Paso, TX 79915
(915) 782-7322

Dennis Berger
Tank House Manager
Phelps Dodge Refining Corporation
897 Hawkins Drive
El Paso, TX 79915
(915) 782-7322

David Caraveo
Electrical Supervisor
Phelps Dodge Refining Corporation
897 Hawkins Drive
El Paso, TX 79915
(915) 782-7322

Sergio Favela
Mechanical Supervisor
Phelps Dodge Refining Corporation
897 Hawkins Drive
El Paso, TX 79915
(915) 782-7322

Defendant reserves the right to supplement the foregoing witness designations pursuant to the Federal Rules of Civil Procedure and the Rules of this Court as discovery proceeds and additional information is obtained and in accordance with future rulings of this Court.

### III.
### PRELIMINARY EXPERT DESIGNATION

Defendant has not retained any experts, but reserves the right to supplement this designation pursuant to the Federal Rules of Civil Procedure and the Rules of this Court as discovery proceeds and additional information is obtained and in accordance with future rulings of this Court. The parties extended the deadline for expert designations pursuant to mutual agreement because more discovery was needed.

Subject to the foregoing, the under-signed counsel for Defendant reserve the right to offer testimony or opinion relating to reasonable and necessary attorneys' fees with respect to any award or application that may be made for attorneys' fees in this case. Defendant also reserves the right to designate experts in response to any specific designations that Plaintiff may later make, to include but not limited to an economist and wage and hour consultant expert, and to offer testimony or expert exhibits from any expert witness proffered by Plaintiffs.

# IV.
# PRELIMINARY LIST OF POTENTIAL EXHIBITS

1. Relevant personnel files and employment related records relating to named plaintiffs, opt-in plaintiffs or positions in question.

2. Relevant payroll records relating to named plaintiffs, opt-in plaintiffs or positions in question.

3. Relevant work schedules for positions in question.

4. Records reflecting hours of work for positions in question.

5. Relevant company policies, procedures, manuals, handbooks, communications and memoranda.

6. Records related to Company compliance with FLSA, OSHA and safety regulations for positions in question.

7. Relevant FLSA and OSHA standards, regulations and interpretations.

8. Attendance records relating to named plaintiffs, opt-in plaintiffs or positions in question.

9. Documents relating to personal protective equipment and work clothes relevant to Plaintiffs' allegations.

10. Job descriptions relevant to named plaintiffs, opt-in plaintiffs or positions in question.

11. Documents relating to the relevant job processes.

12. Relevant training and instructional materials.

13. Compilations and summaries derived from relevant exhibits for use as demonstrative evidence and as data summaries relating to hours of work, schedules, damages and other relevant issues.

14. Relevant standards, regulations, interpretations, opinions and guidance relating to FLSA and OSHA compliance prepared by OSHA, the Department of Labor, the Wage & Hour Division and other authoritative sources.

15. Relevant OSHA communications and documents relating to the OSHA inspection and investigation in 2006-2007 relating to Tank House airborne contaminants.

16. Records of relevant Tank House airborne contaminant sampling.

17. Demonstrative evidence (diagrams, maps, drawings, photographs, video recordings, etc.) relating to time and distance between Plaintiffs' work sites, the change house and other relevant destinations and activities related to each named plaintiff, opt-in plaintiff or positions in question.

18. Exhibits and documents listed, produced or used by Plaintiffs or Defendant in discovery, any hearings or at trial.

19. Depositions, recordings or transcripts of sworn testimony of any witnesses.

20. Interrogatory or other discovery answers.

21. Relevant pleadings.

22. Reports, compilations, computations and opinions of experts.

Defendant reserves the right to supplement the foregoing exhibit list pursuant to the Federal Rules of Civil Procedure and the Rules of this Court as discovery proceeds and additional information is obtained and in accordance with future rulings of this Court.

Respectfully submitted,

AGTHE LAW, P.C.
3737 Executive Center Blvd., Suite 156
Austin, Texas 78731
(512) 345-4100 / (512) 345-4101 FAX

Scott A. Agthe
Texas Bar No. 00934800
Amy Stoeckl Ybarra
Texas Bar No. 24013573

Attorneys for Defendant
Phelps Dodge Refining Corporation

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on John A. Wenke, 501 E. California Ave., El Paso, TX 79902 via the electronic PACER system and by faxed to 915/351-9955, on this 29th day of February, 2008.

_____
SCOTT A. AGTHE