UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LAWRENCE WEST, MARCELINO MAGALLANEZ, et al., AND OTHER SIMILARLY SITUATED PERSONS, | § § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | EP-07-CA-197-FM |
| PHELPS DODGE REFINING CORPORATION, | § § § | |
| *Defendant.* | § § | |

DEFENDANT'S MOTION TO STRIKE AND OBJECTIONS TO PLAINTIFFS'
AMENDED DECLARATIONS AS EVIDENCE IN SUPPORT OF
PLAINTIFFS' SECOND MOTION FOR CONDITIONAL CERTIFICATION OF
COLLECTIVE ACTION

TO THE HONORABLE JUDGE MONTALVO:

COMES NOW Defendant Phelps Dodge Refining Corporation (hereinafter "Defendant"

or "PDRC") and files this its Motion to Strike and Objections to Plaintiffs' Amended

Declarations attached as evidence in support of Plaintiffs' Second Motion for Conditional

Certification of Collective Action ("Plaintiffs' Second Motion"), and in connection therewith

would show the Court the following:

I. GROUNDS FOR MOTION

PDRC objects to, and moves to strike, Plaintiffs' amended declarations which are

attached as Exhibits 1-9 to Plaintiffs' Second Motion.[1]  The amended declarations are not

competent evidence and are inadmissible in that they contain conclusions, speculation, hearsay,

---

[1]    Each of the Plaintiffs except for Lorenzo Najera have submitted an Amended Declaration in this case.  The Declaration of Mr. Najera attached to Plaintiffs' Second Motion is the first declaration he has submitted in this case, however,  Defendant will refer to all of the declarations attached to Plaitniffs' Second Motion as amended declarations.

lack foundation and are not based on personal knowledge or fail to describe facts to demonstrate personal knowledge of the matters asserted.

## II. FACTS

Plaintiffs assert this case as a collective action under 29 U.S.C. § 216(b) alleging that PDRC has failed to properly pay them for all of their hours worked.  Specifically, Plaintiffs seek to recover compensation for "pre-shift time worked", "unpaid post-shift time" and "unpaid time transporting and laundering their work clothing," among other things.  In addition, Plaintiffs seek to represent and notify all "similarly situated current and former employees of Defendant" who were allegedly not compensated for such work time from the time period of May 4, 2004 to the present.  As part of their evidence to support conditional certification as a collective action, Plaintiffs attached thirteen (13) exhibits in support of their second motion.  Nine (9) of the exhibits are amended declarations from the Plaintiffs.[2]

## III. ARGUMENT AND AUTHORITIES

Plaintiffs' amended declarations should be struck as they are conclusory, speculative, contain hearsay, lack foundation and are not based on personal knowledge or fail to describe facts to demonstrate personal knowledge of the matters asserted.  Supporting and opposing declarations shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence and shall show affirmatively that the affiant is competent to testify to the matter stated therein. *Thomas v. Atmos Energy Corp.*, 2007 US App LEXIS 6733*9 (5th Cir. 2007) (unpublished opinion); *Lujan v. National Wildlife Fed'n*, 497 U.s. 871, 888 (1990) (facts stated in the declaration must be specific and constitute admissible evidence).  Mere conclusory

---

2   Plaintiffs' Motion contains amended declarations from the following Plaintiffs: Lorenzo Najera, Jesus Garcia, Daniel Garza, Jesus Gomez, Carlos Jacquez, Marcellino Magallanez, Abel Romo, Carlos Romo, and Lawrence West.   Each of the declarations contain almost the exact same conclusory verbage, with minor variations for job title, rate of pay, overtime worked, supervisors and official work shifts.

Defendant's Motion To Strike And
Objections To Plaintiffs' Amended Declarations

or self-contradictory allegations will not protect an otherwise unsupportable claim or contention. *Webster v. Bass Enterpr. Production Co.*, 192 F. Supp.2d 684, 690 (N.D. Tex. 2002); *Marshall v. East Carroll Parish Hosp. Serv. Dist.*, 134 F.3d 319, 324 (5th Cir. 1998) (bare allegations of fact, ultimate or conclusory facts, and legal conclusions are not sufficient).

Defendant objects to Plaintiffs' amended declarations in that the declarations are filled with factual and legal statements that are entirely conclusory and without foundation. Each of Plaintiffs' amended declarations should be stricken as they do not meet this standard in numerous respects. For example, the declaration of Lorenzo Najera states the following:[3]

> "Pursuant to the foregoing company policy, my supervisors, Elias Gonzalez and David Carraveo, required me to be at my workstation ready to begin work at the time my shift began, having already donned all of my PPE and already walked to the workstation." (¶ 7) (objected to as a factual conclusion and vague)

> "I personally observed my co-workers arriving at work early to allow time to get through the gate, walk to the locker room, put on their PPE, and walk to the work station, all before their paid work shifts began." (¶ 8) (objected to as a factual conclusion and vague)

> "I personally observed my co-workers staying at their workstations until their paid shifts were over, and then walking from their work stations to the locker room, taking off and storing PPE, taking off and bagging up contaminated work clothing, showering, changing into clean clothes, and walking back out the gate, all after their paid work shifts had ended." (¶ 13) (objected to as a factual conclusion and not based on personal knowledge)

> "I also personally observed my co-workers having the same difficulties with getting meal breaks. I saw that like me, they also had to get from their work stations to the break room, had to take off some of their PPE, had to wash up before eating, had to put their PPE back on after eating and had to get back to their work stations, all within the short duration of time that was allotted to us for meal breaks." (¶ 24) (objected to as a factual conclusion and not based on personal knowledge)

---

3    While PDRC objects to the Plaintiffs' Declarations in their entirety, because of the length of each Declaration (at least 9 pages each plus exhibits making them 20-21 pages each), the total number of Declarations (9) and the page limitations of this Motion, PDRC has chosen a few select statements to bring to the attention of the Court.

Defendant's Motion To Strike And
Objections To Plaintiffs' Amended Declarations

"I also personally observed on many occasions the fact that my co-workers, like me, worked unrecorded and unpaid time." (¶ 25) (objected to as a factual conclusion and not based on personal knowledge)

These statements are all factual conclusions lacking in foundation.[4] Najera does not provide any detail or information as to who these co-workers were that he observed. Common usage could suggest that a "co-worker" could be every employee at PDRC, including administrative and clerical employees or just a fellow electrician. He offers no detail or information as to the timeframe that he made these observations, no facts as to how he has personal knowledge his co-workers were having the same difficulties or were unpaid. He also provides no information as to what the "same difficulties" were that he observed.   In addition, Najera describes that he and his co-workers donning PPE and taking off PPE, but he never explains what that PPE consists of when they don and doff at the various times (i.e., Do they doff all PPE at meal breaks, including clothing? Does "wash up" include showering or just hand washing?).   In addition, he concludes that his co-workers took off and bagged "contaminated work clothing" but never explains what personal knowledge he has that the clothing was contaminated or what facts support his statement on contamination.   Because of the conclusory nature of these statements they should all be stricken from Najera's declaration as well as the amended declarations of the other Plaintiffs.

The following statements are also conclusory and not based on any personal knowledge:

"During my work shifts my work clothing became contaminated with toxic substances in the workplace such as sulfuric acid, arsenic, calcine, selenium, lead,

---

4    All of the other Plaintiffs have made the same allegations regarding "observing co-workers", bagging "contaminated work clothes", etc.    As such, all of the Plaintiffs' declarations should be stricken as containing conclusory statements and allegations.

nickel, copper sulfate, asbestos, and other toxic substances. I am aware that my clothing was contaminated with these toxic substances because each department had a Material Safety Data Sheet (MSDS) book which listed chemicals present in the workplace." (¶ 14) (objected to as a factual and legal conclusion and not based on personal knowledge)

"I also reviewed Job Safety Analysis (JSA) which included a listing of the toxic chemicals that workers could become exposed to in each department." (¶ 16) (objected to as a factual conclusion)

"They were also aware of the contamination and had learned about it from the JSA sheets and the MSDS documents, the same as me. Because of these things, it was well known by me and all my co-workers that there were toxic substances in the workplace that were contaminating our work clothing." (¶ 17) (objected to as a factual conclusion, as well as speculation)

"In 2006, PDRC was cited by OSHA for several violations involving chemical contaminants in the work place. I have reviewed those citations and have personal knowledge of what is contained therein. OSHA also mandated at that time that the workers at PDRC not take their contaminated work clothing home and that PDRC must provide work clothing and launder that clothing at its expense because of the chemical contaminants in the work place." (¶ 22) (objected to as a factual conclusion and not based on personal knowledge).

Najera again makes conclusory and speculative statements without any foundation or basis for his knowledge. He makes an assumption that his clothing is "contaminated" because of papers notifying him of the presence of the chemicals in the workplace. He consistently refers to "contaminated" clothing and work clothes, but offers nothing to support his statement as to how he knows the clothing is in fact contaminated. Instead, he makes an assumption that because the chemicals were present that the clothing is contaminated. In addition, Najera concludes that his co-workers are aware of the contamination and learn of it the same way he had, yet he offers no facts or basis for how he knows they were aware or how they became aware. Additionally, Najera makes statements about PDRC being cited by OSHA and having personal knowledge of the citations that were received. However, the OSHA investigation and

citations occurred after Najera's termination from PDRC, thus Najera would have no personal knowledge of either the investigation or the citations, other than through a third party source.[5]

Najera also makes the following conclusions and speculations, but never provides any detailed information to support his statements (i.e., Who are the co-workers? How does he know the work was without pay? How does he know the pay practices were the same?, Who was requiring that the "contaminated" clothing be taken home and laundered?, When were the discussions? How often is "frequent discussions"?). As such, the following statements should be stricken:

> "The PPE requirements I have described above also applied to all my co-workers at PDRC." (¶ 11) (objected to as a factual conclusion)

> "I also know my co-workers were not paid for work performed before paid shifts began because we frequently discussed these matters and complained to each other about having to perform work without pay." (¶ 11) (objected to as a factual conclusion, as well as hearsay)

> "My co-workers at PDRC also performed post-shift work without pay." (¶ 13) (objected to as a factual and legal conclusion and not based on personal knowledge)

> "For the reasons I have explained above, I know that the pay practices I have described above were the same for my co-workers employed by PDRC in El Paso, Texas, during the time period that I worked at PDRC." (¶ 25) (objected to as a factual conclusion and not based on personal knowledge)

> "I am aware of about 400 current and former co-workers in the refinery who were required to perform unpaid work before their official work shifts began and after their official work shifts ended, who were required without pay to take home and launder contaminated work clothing and return clean work clothing, and who were unable to complete meal breaks." (¶ 27) (objected to as a factual conclusion, speculation and not based on personal knowledge)

---

5    Najera was terminated from employment with PDRC on August 9, 2006. OSHA inspections occurred between November 6, 2006 and March 14, 2007 with OSHA issuing citations on April 27, 2007. Plaintiffs' attached the OSHA citations to their Second Motion as Exhibit 13, verifying the dates of the inspections and citations.

Defendant's Motion To Strike And
Objections To Plaintiffs' Amended Declarations

All of the above statements are conclusions lacking in foundational facts and are mere supposition and speculation by Najera and the other Plaintiffs and thus should be stricken. Likewise, the amended declarations contain statements which are based on hearsay, assumptions, speculation and are not based on personal knowledge. Mr. Najera's declaration contains the following statement:

> "With the exception of the meal breaks discussed below, my supervisors required me to stay at my work station until my paid shift was over." (¶ 12) (objected to as factual conclusion and speculation)[6]

This statement by Najera is not only a factual conclusion and speculation, but is also self-contradicted in his own Declaration when he states "as an Electrician, I was in every department at one time or another at the conclusion of the work shifts until the shifts had ended." (¶ 25).

Najera's declaration is filled with statements that are not based on his personal knowledge, but instead are filled with speculation, assumptions, conclusions, allegations without foundational facts or details and hearsay.[7]

> "We repeated this request to Mr. Vetter numerous times and it was always denied on the basis that it was 'not in the budget' to provide washers and dryers for general use at the facility." (¶ 19) (objected to as hearsay)

> "I was asked by the PDRC Hygienist, David Wertz, to take him some of my work clothing for testing. Wertz took my work clothing to the PDRC lab for testing and subsequently notified me that the testing found high levels of arsenic and other heavy metals." (¶ 20) (objected to as hearsay and factual conclusion)

> "Also in 2000, I complained to Greg Brown, the Safety Director, about the fact that PDRC had not provided laundering facilities at the work site assigned for laundering the contaminated work clothing. Mr. Brown directed me to David Wertz, the Hygienist, and I then went and discussed my concerns with Mr. Wertz." (¶ 21) (objected to as hearsay, as well as factual and legal conclusions)

---

6   This same statement is contained in the Declaration of Lawrence West at ¶ 10. However, pursuant to the Declaration of Donald Smay (hereinafter "Declaration of Smay"), attached as Ex. 1 to Defendant's Appendix to Defendant's Response to Plaintiffs' Second Motion for Certification of Collective Action, the electricians did not have work stations as alleged by West and Najera, but rather worked throughout the plant.
7   All of these statements or ones nearly identical are contained in the amended declarations of all the other Plaintiffs as well and should be struck from the Amended Declarations.

Defendant's Motion To Strike And
Objections To Plaintiffs' Amended Declarations

"I also know that my co-workers had the same difficulties as me in getting meal breaks because we discussed these matters and complained to each other about the fact that we were not getting enough time for meal breaks." (¶ 24) (objected to as hearsay, as well as factual conclusions)

"I also know that my co-workers had the same difficulties as me in getting all of their work time recorded and paid for because we often discussed these matters and complained to each other about the fact that we were being required to perform unrecorded work without pay." (¶ 25) (objected to as hearsay, as well as factual conclusions)

"I have performed the unpaid work described above with the full knowledge and approval of my supervisors at PDRC and pursuant to company policy requiring me to do so." (objected to as factual conclusion and speculation)

Any statements or information told to him by other employees is hearsay and should be struck. Likewise, he offers no evidence or support for his knowledge of how he knows Wertz tested his clothing, who his "co-workers" are, who was involved in the discussions or when the discussions occurred and how he knows that his co-workers had the "same difficulties" as he did. In addition, Najera alleges that he performed this "unpaid work" pursuant to a company policy "requiring" him to do so, but never mentions what the policy is, where it came from, nor does he attach a copy or description of the policy. Instead Najera's declaration, as well as the amended declarations of all the other Plaintiffs, is filled with factual and legal conclusions, speculation as to policies, procedures and practices, hearsay and is not based on personal knowledge.

Finally, there are several other statements in the amended declarations of some of the other plaintiffs that should be stricken. Carlos Jacquez's amended declaration states that he had to report to work "30 minutes before my official shift began each day (to put on personal protective equipment (PPE) kept in the locker at work such as flame retardant pants, flame retardant shirt, flame retardant jacket, an aluminized jacket and hood, steel toed work boots, hard hat, gloves, safety glasses, tyrex suit, respirator and ear plugs)." (¶4 of Jacquez Amended

8

Declaration).  This statement is not based on personal knowledge as Mr. Jacquez was not required to don all of this equipment based on his position. [8]  Likewise, Marcelino Magallanez's amended declaration discusses that meetings were held at PDRC in February or March, 2006 regarding the lead and arsenic exposure and states, "At my meeting the Hygienist told all of us that the air had been tested and was found to contain levels of arsenic and lead that were over the OSHA required limits." (¶21 of Magallanez Amended Declaration).  This statement is not based on personal knowledge, as these meetings were held in February/March of 2007, Mr. Magallanez was on a leave of absence at the time of these meetings and according to PDRC's sign in sheets Mr. Magallanez did not attend any of these meetings.[9]  In addition, Daniel Garza's declaration states "I was required by PDRC to take home and launder my contaminated work clothing" (pg. 4 of Garza Declaration) and "I complained about this unpaid time and asked to go to the change house earlier so I could be paid for some of this time, however my supervisors named above told me I could not do this." (pd. 7 of Garza Declaration).  Both of these statements by Garza should be stricken because they are factual conclusions as Garza does not indicate who required him to take home and launder his work clothing, how he knew the clothing was contaminated or who he complained to about the unpaid time.  These are allegations with no foundational facts to support them.

Therefore, Mr. Najera's declaration, as well as the amended declarations of the other Plaintiffs, should be stricken as evidence in support of Plaintiffs' Second Motion in Support of Conditional Certification of Collective Action.

## IV. PRAYER

---

8  See Declaration of Smay.

9  See Declaration of Smay.

9

Defendant's Motion To Strike And
Objections To Plaintiffs' Amended Declarations

WHEREFORE, Phelps Dodge Refining Corporation moves the Court to strike the amended declarations of Jesus Garcia, Daniel Garza, Jesus Gomez, Carlos Jacquez, Marcelino Magallanez, Abel Romo, Carlos Romo, and Lawrence West and the declaration of Lorenzo Najera. Phelps Dodge Refining Corporation further prays for such other relief, general or special, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

AGTHE LAW, P.C.
3737 Executive Center Blvd., Suite 156
Austin, Texas 78731
(512) 345-4100 / (512) 345-4101 FAX

Scott A. Agthe
Texas Bar No. 00934800
Amy Stoeckl Ybarra
Texas Bar No. 24013573
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been electronically served via PACER to John A. Wenke, 501 E. California Ave., El Paso, TX 79902, and to David Kern, 1300 N. El Paso St., El Paso, TX 79902, on this 12th day of November, 2008.

SCOTT A. AGTHE

10

Defendant's Motion To Strike And
Objections To Plaintiffs' Amended Declarations

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| LAWRENCE WEST, MARCELINO MAGALLANEZ, et al., AND OTHER SIMILARLY SITUATED PERSONS, | § § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | EP-07-CA-197-FM |
| PHELPS DODGE REFINING CORPORATION, | § § § | |
| *Defendant.* | § § | |

## ORDER GRANTING DEFENDANT'S MOTION
## TO STRIKE PLAINTIFFS' AMENDED DECLARATIONS

Came on for consideration Defendant's Motion to Strike Plaintiffs' Amended Declarations filed by Defendant Phelps Dodge Refining Corporation. The Court, having considered the motion, as well as any document filed in response to the motion, is of the opinion that the motion should be GRANTED.

IT IS, THEREFORE, ORDERED that the Amended Declarations of Plaintiffs Lawrence West, Marcelino Magallanez, Jesus Garcia, Daniel Garza, Jesus Gomez, Carlos Jacquez, Abel Romo, and Carlos Romo and the Declaration of Lorenzo Najera be struck from the record.

Signed this _____ day of _____, 2008.

_____
Frank Montalvo
U.S. District Court Judge